UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELSEY BLAKELY,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL RESERVE BANK OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 15-cv-04692-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

    Plaintiff Kelsey Blakely alleges that defendant Federal Reserve Bank of San Francisco (Bank) discriminated against her based on her sex, terminated her in retaliation for her opposition to that discrimination, and allowed and failed to remediate a hostile work environment that subjected plaintiff to severe and pervasive unwelcome harassment. The Bank moves to dismiss plaintiff's retaliation and hostile work environment harassment (HWE) claims asserted under Title VII of the Civil Rights Act of 1964 (Title VII) and California's Fair Employment and Housing Act (FEHA), arguing that Blakely: (i) fails to state sufficient facts to support a retaliation claim; (ii) failed to exhaust her administrative remedies for the HWE claim; and (iii) fails to state sufficient facts to support her HWE claim.[1] I heard argument on January 6, 2016, and for the reasons discussed below, GRANT the Bank's motion to dismiss with leave to amend.

**BACKGROUND**

    Blakely worked for the Federal Reserve from 2005 through April 2013. Complaint (Dkt. No.1), ¶¶ 11, 20. She alleges that throughout her employment, she was denied promotions, pay, and training opportunities on the basis of her sex. In early 2013, she prepared a spreadsheet showing gender disparity in promotions and was conducting further research on the issue. Shortly

---

[1] The Bank initially also moved to dismiss plaintiff's retaliation claims under Title VII and FEHA for failure to exhaust, but subsequently withdrew its arguments on that issue. Dkt. No. 14.

thereafter she was informed of a reorganization that would eliminate her position. She was terminated in April 2013. *Id*. ¶¶19-20.

Blakely alleges that throughout her employment with the Bank, "there was a pervasive lack of respect for women" and in the face of harassing comments, the Bank took no remedial, disciplinary, or responsive actions. *Id*. ¶ 29. These comments included that a male staffer said that "women should be home taking care of babies, not working," *id*.; Blakely was labeled a "whiner," *id*. ¶ 30; in 2008 she was given a "Monica Lewinsky Oscar" faux-award based on her physical appearance, *id*. ¶ 31; a supervising executive spoke with her about lingerie his wife had sent him, *id*. ¶ 33; the same executive commented that "women ignore the fruit and go after the doughnuts and cookies like pigs in a trough," *id*. ¶ 34; that executive also said that a female employee's "ovaries are drying up," *id*. ¶ 35; the executive mentioned his attraction to two celebrities, despite one being a "bitch," *id*. ¶ 36; another male executive stated that a female employee was not a "real" Marine because her service was cut short by an injury, *id*. ¶ 37; and that same executive told Blakely that she was "whining" and "arrogant." *Id*. ¶ 38.

In November 2013, Blakely met with staff of the Equal Employment Opportunity Commission and filed a charge. Declaration of Kelsey Blakely (Dkt. No. 11-2) ¶ 9; Defendant's Request for Judicial Notice (Dkt. 10-1), Ex. 1. On her charge, she marked the box claiming "sex" discrimination and included a short paragraph summarizing her claim. In that summary paragraph, she included some of the allegations regarding the "conditions of employment" she was subjected to, including the comment by her supervising executive that women acted like pigs. Def. RJN, Ex. 1. When Blakely submitted this charging document, she also provided the EEOC a more in-depth five page summary of the basis for her sex discrimination complaint and was told it would be attached to her charge. Blakely Decl. ¶ 15; Supplemental Declaration of Kelsey Blakely (Dkt. No. 13). In that five page summary, she stated that she was "not making a claim for sexual harassment," but described each of the comments she now relies on in support of her HWE claim in the Complaint. Supp. Blakely Decl., Ex. B.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

2

1  if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to
2  dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its
3  face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when
4  the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant
5  is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation
6  omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*
7  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts
8  sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

### I. RETALIATION

The Bank argues that Blakely's retaliation allegations are insufficient to state a claim. Under Title VII and FEHA, "a plaintiff may establish a prima facie case of retaliation by showing that (1) she engaged in activity protected under Title VII, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action." *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000); *see also Lewis v. City of Benicia*, 224 Cal. App. 4th 1519, 1533 (2014) ("To establish retaliation, a plaintiff must prove he engaged in protected activity; the employer took an adverse employment action against him; the protected activity was a motivating reason for the adverse action; and the employer's conduct caused harm to the plaintiff.").

The Bank contends that there are no plausible allegations that it knew Blakely had engaged in protected activity when those responsible terminated her position. Motion at 8-9. It contends that her allegations regarding her spreadsheet showing gender disparity and the fact that someone

*else* disclosed it to someone in the Human Resources department are insufficient to show that the individuals who made the decision to terminate her knew about that activity. Blakely responds that her allegations allow a "fair interference" that her spreadsheet and research "was a substantial factor" in her termination: after she produced and shared the spreadsheet she was terminated; the termination was arguably in contravention of defendant's own policies (to provide performance reviews and opportunities to improve); and, her position alone out of 1500 positions was eliminated in the reorganization. Oppo. at 13-14. That her Assistant Manager was promoted – six months after Blakely was terminated – into her old and formerly eliminated position likewise supports her claim. *Id*.

As to the knowledge of the decision makers, Blakely essentially admits that the Complaint is deficient. Oppo. at 14. She asserts in her Opposition that she "can and will allege that the decision to eliminate her position was either set in motion, rubber stamped by those persons in the Bank's HR and legal departments to whom her authorship of the spreadsheet was disclosed, or, alternatively, that those persons had significant input into that decision." *Id*. She is given leave to amend to include additional allegations regarding defendant's knowledge.

## II. SEXUAL HARASSMENT

### A. Exhaustion

The Bank argues that Blakely failed to exhaust her HWE claim because she affirmatively told the EEOC and the Bank in her charge and summary that she was not making a sexual harassment claim. "Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), as amended (Feb. 20, 2002). The purposes of the administrative charge requirement include allowing the EEOC to investigate, giving the charged party notice of the claim, and narrowing the issues for prompt adjudication. *Id*. at 1100. In construing whether a plaintiff has exhausted her administrative remedies, courts construe the charge with "utmost liberality" because they are typically drafted and submitted by laypeople, and will find exhaustion for all allegations of discrimination that either "'fell within the scope of the EEOC's actual investigation or an

4

EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.'" *Id*. (quoting E.*E.O.C. v. Farmer Bros. Co*., 31 F.3d 891, 899 (9th Cir. 1994)).

In determining "whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred. In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *Id*.

In the five page summary submitted to the EEOC, Blakely described the comments which underlie her current claim of sexual harassment *but* she explicitly stated that she was not making a legal claim for sexual harassment. The EEOC and the Bank, therefore, may have been aware of Blakely's characterization of the "atmosphere" at the Bank with respect to treatment of women, but there are no allegations that they were on notice that she was making a HWE claim. Indeed, there are no allegations in the Complaint regarding her five page EEOC summary and how its contents plausibly supply notice in this circumstance.

Blakely is given leave to amend to include in an amended complaint allegations regarding the EEOC summary and other facts in support of her argument that the HWE claims are reasonably related to the sexual discrimination allegations and are "consistent with the plaintiff's original theory of the case." *B.K.B*., 276 F.3d at 1100.

**B. Adequacy of Harassment Allegations**

The Bank argues also that Blakely fails to state a claim for HWE because the handful of statements she relies on that occurred over a period of six years are either facially neutral or do not, on their face, rise to the level of "severe or pervasive" harassment based on sex. "Title VII is violated if sexual harassment is so severe or pervasive as to create a hostile work environment." *Kortan v. California Youth Auth*., 217 F.3d 1104, 1109 (9th Cir. 2000); *see also Fisher v. San Pedro Peninsula Hosp*., 214 Cal. App. 3d 590, 608 (Cal. Ct. App. 1989) (adopting Title VII prima facie case for sexual harassment under FEHA). To determine whether a HWE claim is actionable

5

courts consider "all of the circumstances," including the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with the employee's work performance. *Westendorf v. W. Coast Contractors of Nevada, Inc.*, 712 F.3d 417, 421-22 (9th Cir. 2013); *see also Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 131 (1999) (the harassment "cannot be occasional, isolated, sporadic, or trivial; rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." (internal quotation omitted)).

Blakely argues that, at least with respect to her claims under FEHA, her claims are based not only on the relatively sporadic but expressly gendered comments made by the male executives, but also on the personnel management actions that "were done in furtherance of a supervisor's managerial role" and had "a secondary effect of communicating a hostile message" based on her gender. *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709 (2009), *as modified* (Feb. 10, 2010). In other words, she contends that her allegations regarding how the Bank treated men differently than women supports her HWE claim and "establishes a widespread pattern of gender bias" as allowed under *Roby*. However, her allegations regarding the disparate treatment of men and women – as currently alleged – do not help plaintiff state a HWE claim showing severe and pervasive conduct by the Bank towards her in particular based on her gender.

Judge Koh recently addressed the type of allegations required under *Roby* to support a HWE claim. In *Landucci v. State Farm Ins. Co.*, No. 5:14-CV-00789-LHK, 2014 WL 3705117, at *5 (N.D. Cal. July 23, 2014), Judge Koh explained that under *Roby*, "official employment actions" that typically supported only discrimination as opposed to harassment claims under FEHA "may be considered when evaluating a harassment claim if the conduct contributes to communicating the hostile and harassing message of the supervisor." *Id.* *5. The facts in that case supported an inference that a hostile and harassing message was being communicated because plaintiff's complaint was "replete with factual allegations of defendant [was] relentlessly scrutinizing and criticizing Plaintiff's job performance" in a berating way because she was a woman and that defendant did not scrutinize or criticize male colleagues in the same way. *Id.* * 4-6. Those sorts of factual allegations – relentless berating comments treating plaintiff's work differently from her

6

male colleagues – are missing from Blakely's Complaint.

The relatively few discrete comments identified by Blakely in her complaint and the generalized allegations that defendant treated women differently in its official employment actions do not rise to the level of severe and pervasive harassment sufficient to allege a plausible HWE claim.   She will be given leave to amend to assert additional facts to support this claim.

## CONCLUSION

For the foregoing reasons, Blakely's retaliation claim is DISMISSED with leave to amend to allege additional facts regarding the Bank's knowledge of her protected activity.  Her HWE claim is DISMISSED with leave to amend to allege additional facts regarding exhaustion and that defendant's treatment of plaintiff was so pervasive and severe to rise to the level of a hostile work environment.  The Bank's motion is DENIED in all other respects.

**IT IS SO ORDERED**.

Dated: January 11, 2016



WILLIAM H. ORRICK
United States District Judge